**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1417-17T2

LINDA HUNTLEY,

    Plaintiff-Appellant,

v.

FINBAR EQUITY INVESTMENTS, LLC,
TILCON NEW YORK, INC., JOSEPH V.
MCMAHON, ESQ., in his capacity as
Escrow Agent, and THE BOROUGH
OF BLOOMINGDALE,

    Defendants-Respondents.

_____

Argued September 13, 2018 – Decided  October 4, 2018

Before Judges Alvarez, Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3306-16.

Raghava Murthy argued the cause for appellant (Eastern Environmental Law Center, attorneys; Aaron Kleinbaum, of counsel; Raghava Murthy, on the briefs).

John M. Marmora argued the cause for respondents Finbar Equity Investments LLC and Tilcon New York Inc. (K&L Gates LLP, attorneys; John M. Marmora, of

counsel and on the brief; Benjamin I. Rubinstein and Alexandra A. Kozyra, on the brief).

Fred C. Semrau argued the cause for respondent Borough of Bloomingdale (Dorsey & Semrau, LLC, attorneys; Fred C. Semrau, of counsel; Susan C. Sharpe, on the brief).

PER CURIAM

Plaintiff Linda Huntley appeals from a July 24, 2017 order, granting partial summary judgment dismissing count one of her complaint seeking to enforce an environmental conservation easement against property owned by defendant Finbar Equity Investments, LLC. The order was rendered ripe for appeal on October 13, 2017, when plaintiff voluntarily dismissed with prejudice the remaining counts of her complaint.[1]

All of the issues plaintiff raises on this appeal rest on the flawed assumption that the easement is enforceable, a contention the trial court properly rejected. We affirm for the reasons stated by Assignment Judge

---

[1] Plaintiff dismissed the counts of her complaint challenging the Borough of Bloomingdale's 2016 adoption of an affordable-housing overlay zoning amendment that permitted quarrying on the property. She did not appeal from Law Division orders entered in 2013 and 2016, permitting the Borough to adopt such an ordinance, and she withdrew her complaint challenging a 2017 Borough ordinance repealing the requirement of a conservation easement as a condition of future development. We note, however, that the 2016 zoning amendment requires site plan approval for any proposed quarrying. Nothing in this opinion precludes plaintiff from raising her environmental concerns in the context of a site plan application.

Ernest M. Caposela in his well-reasoned opinion dated July 24, 2017. We add only these brief comments.

In a nutshell, plaintiff seeks to enforce a conservation easement against the owner of a large tract of environmentally sensitive land. The easement was drafted and sent to the Borough of Bloomingdale in 2010, to be held in escrow, pending the issuance of construction permits for a major development plan that included an affordable housing component. However, consistent with the intent of the grantor and the grantee, the easement was never transferred to the Borough and never took effect, because the owner abandoned the project.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1417-17T2